In the Matter of PAUL H. FIDELMAN, Respondent, v. LASER TECH, INC., et al., Appellants.—

Hopkins, Acting P. J., Brennan and Benjamin, JJ., concur; Martuscello, J., dissents and votes to affirm the judgment, with the following memorandum, in which Kleinfeld, J., concurs: Petitioner brought this proceeding to remove appellants Carcel and McCarthy as directors of Laser Tech, Inc., which was organized in the State of New York on January 13, 1969. Petitioner, Carcel and McCarthy were nominated and elected as directors of

996

Laser at the first meeting of incorporators held January 14, 1969. On or about April 20, 1970, petitioner, as secretary of the corporation and as holder of more than 25% of the outstanding stock of 355,000 shares, called a special meeting as provided in the by-laws, for the purpose of removing without cause Carcel and McCarthy as directors and to elect new directors. At the meeting on May 7, 1970, 158,450 votes (which included 4,700 challenged votes) were cast in favor of removal and 130,200 in opposition. Following the count of the ballots, the chairman, one of the individual appellants, ruled that the removal motion had not carried since it hau failed to receive the support of a majority of the outstanding stock (177,501 votes) which he ruled was required by section 4 of article III of the corporation's by-laws. In this proceeding petitioner claims that a majority of those present (assuming a quorum) in person or by proxy was sufficient to carry the motion. The Special Term granted petitioner the relief he sought. I agree with that decision. Subdivision (b) of section 614 of the Business Corporation Law provides that " Whenever any corporate action, other than the election of directors, is to be taken under this chapter by vote of the shareholders it shall, except as otherwise required by this chapter or by the certificate of incorporation as permitted by this chapter, be authorized by a majority of the votes cast at a meeting of shareholders by the holders of shares entitled to vote thereon." The phase " under this chapter" clearly refers to the entire Business Corporation Law. Section 101 of that statute provides: " This chapter shall be known as the ' Business Corporation Law ' ". Section 102 defines numerous terms which are to be " used in this chapter ". Removal of directors without cause is provided for in section 706 of the Business Corporation Law and is therefore corporate action which can be taken " under this chapter ". However, both section 706 and the certificate of incorporation of Laser Tech, Inc., are silent as to the vote required to remove a director without cause. In such a situation, subdivision (b) of section 614 clearly provides that a majority of those present and voting (assuming a quorum) is sufficient and that any by-law requiring a greater vote, as is the case at bar, is ineffective and illegal. In *Model, Roland & Co.* v. *Industrial Acoustics Co.* (16 N Y 2d 703) the Court of Appeals noted that a certain by-law requiring a two-thirds majority vote to amend certain of the by-laws was ineffective, since the Business Corporation Law clearly provides that a simple majority vote is sufficient to amend by-laws, as well as to take any corporate action, unless the statute or the certificate of incorporation provide otherwise (Business Corporation Law, § 614, subd. [b]).